[No. C010947. Third Dist. Apr. 30, 1992.]

THE PEOPLE, Plaintiff and Appellant, v.
ANTONIO SANTANA SALCERO, Defendant and Respondent.

COUNSEL

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General, Michael Weinberger and Joel Carey Deputy Attorneys General, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

OPINION

DAVIS, J.—The People appeal from denial of a motion to reinstate the complaint (Pen. Code, § 871.5, subd. (a)) brought after the magistrate

granted defendant's motion to suppress evidence (Pen. Code, § 1538.5) and discharged him at the preliminary hearing. The People contend the trial court erred in denying its motion to reinstate, as the search of defendant's tote bag was valid either as an inventory or in order to ensure officer safety. We reverse.

## FACTS

Deputy Herbst stopped defendant for a traffic violation in the Butte Valley area of Siskiyou County. Defendant told Herbst he was driving his brother's car back from Glendale, where he had spent the Christmas holidays, and that the soft tote bag in the backseat was his. Herbst knew something was wrong because he recognized defendant, having seen him and the car three days earlier in MacDoel. As defendant had no driver's license, Herbst cited him and said he was free to leave but the car and its contents were impounded and would be inventoried.

Defendant asked for his tote bag and, when told it was to be opened, appeared nervous. Herbst wanted to inventory the bag before he decided whether to release it and testified that before opening the bag, he felt clothes and a hardness inside it. On opening the tote bag, Herbst saw a cellophane package of powder and three T-shirts. The cellophane package contained 12 ounces of cocaine.

Herbst testified the sheriff's department had an oral policy that all impounded vehicles and their contents must be inventoried; however, he exercised his own discretion pursuant to Vehicle Code section 22651, subdivision (p) on whether to impound any particular vehicle. According to the oral policy, Herbst was required to open and inventory all closed containers found in an impounded vehicle before storage or release of any items.

The magistrate rejected the inventory as a justification for the search stating, "If the bag was to be released to the defendant, then there obviously would be no reason for an inventory search because there would be no reason to protect the law enforcement agency from any allegations of wrongdoing if the property had been released to the defendant." The magistrate found there was no evidence to justify a search of the tote bag for officer safety as a patdown of the bag would have sufficed. Further, the magistrate was not persuaded that Herbst's patdown of the bag revealed a possible weapon. Defendant's motion to suppress was granted and he was discharged for insufficient evidence of criminal activity.

## Discussion

█ The People contend the trial court should not have denied its motion to reinstate the complaint because the inventory search was made pursuant to department policy and the search was justified for safety reasons.

█ " 'It is well settled that inventories of impounded vehicles are reasonable where the process is aimed at securing or protecting the car and its contents. [Citation.] Such searches are unreasonable and therefore violative of the Fourth Amendment when used as a ruse to conduct an investigatory search. [Citation.]' " (*People* v. *Aguilar* (1991) 228 Cal.App.3d 1049, 1053 [279 Cal.Rptr. 246], quoting *People* v. *Steeley* (1989) 210 Cal.App.3d 887, 891-892 [258 Cal.Rptr. 649].)

In choosing to impound and inventory a vehicle the police must exercise their discretion according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity. (*Colorado* v. *Bertine* (1987) 479 U.S. 367, 375-376 [93 L.Ed.2d 739, 748 107 S.Ct. 738].) "The policy or practice governing inventory searches should be designed to produce an inventory." (*Florida* v. *Wells* (1990) 495 U.S. 1, 4 [109 L.Ed.2d 1, 6, 110 S.Ct. 1632].) A policy of opening all closed containers is acceptable, but there should not be a "general rummaging in order to discover incriminating evidence." (*Ibid.* [109 L.Ed.2d at pp. 6-7].)

█ The officer could properly impound the car when he discovered defendant had no driver's license. (Veh. Code, § 22651, subd. (p).) There is no evidence he abused his discretion in doing so. The tote bag was in the car when it was impounded and therefore subject to the departmental policy that all closed containers must be inventoried prior to being released. The search was a valid inventory search pursuant to departmental policy and the motion to suppress should have been denied.

The facts show some justification for such a policy. Defendant had said the bag was his, but he was not the registered owner of the car, and had made statements about his travels which the officer knew to be false. There was a possibility the bag belonged to the owner of the car or someone else and an inventory prior to release could clarify ownership. Such an inventory also would prevent a claim by a third party that the officer had improperly released that person's property to defendant.

Because we find the warrantless search was justified as an inventory, we need not address the question of officer safety.

## DISPOSITION

The order denying the motion to reinstate the complaint is reversed.

Puglia, P. J., and Sparks, J., concurred.