[No. B159701. Second Dist., Div. Five. Aug. 26, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
VICTORIA GARCIA, Defendant and Appellant.

**COUNSEL**

Peter A. Vance, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Mary Sanchez and Steven D. Matthews, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GRIGNON, J.**—The police obtained a search warrant for a business establishment that was open to the public, based on sales from the establishment of methamphetamine by an individual who was neither an owner nor an employee of the business establishment. We conclude the search warrant was facially invalid. ■ When a search warrant for a business establishment open to the public is based on the sale of controlled substances by a target who is neither an owner nor employee of the establishment, the affidavit submitted in support of the warrant must establish probable cause to believe controlled substances will be found at the business establishment. The sale of controlled substances alone is insufficient, because there is no probable cause to believe the controlled substances are stored in the business establishment rather than on the person or in the possession of the target. We conclude further, however, that the police relied in good faith on the search warrant. We affirm.

## PROCEDURAL BACKGROUND

Defendant and appellant Victoria Garcia was charged with possession of methamphetamine in violation of Health and Safety Code section 11377, subdivision (a) and possession of a smoking device in violation of Health and

Safety Code section 11364. She moved to suppress the evidence of the methamphetamine and the smoking device on the sole ground of the facial invalidity of the search warrant, asserting the affidavit was based on stale information and failed to establish probable cause to believe controlled substances would be found at the place to be searched. The court reviewed the affidavit and denied the motion. Defendant entered a plea of no contest to the charges. Defendant received a probationary sentence under the terms and conditions of Proposition 36. Defendant appeals.

## FACTS[1]

The affiant is a detective in the Los Angeles County Sheriff's Department and a controlled substance expert. On or after January 23, 2002, the affiant was contacted by a confidential reliable informant. The informant told the affiant that Paula Conner was selling methamphetamine from a La Puente bar and a West Valinda residence. The informant told the affiant "that he/she has routinely purchased methamphetamine from both of the locations on numerous occasions in the past and that he/she would be willing to purchase methamphetamine from the business or the residence." The affiant supervised a controlled buy of methamphetamine by the informant from Conner at the West Valinda residence.

During the course of the investigation, the affiant "conducted a surveillance" of the La Puente bar. "During this surveillance, [the affiant] saw [Conner] inside of the [bar], speaking to patrons of the bar." Conner had suffered two prior convictions for possession of a controlled substance for sale. The last conviction had occurred in 1998 and Conner had been sentenced to state prison for more than four years.

In the affiant's opinion, Conner "has access to the described business and residence and is using them as instruments to assist her in the distribution of methamphetamine to prospective customers .... [¶] [I]t is common for persons who traffic[] in narcotics to employ techniques and practices to avoid detection by law enforcement. Among these techniques are the use of multiple locations. This method allows suspects to minimize risk of discovery in case the customer either is an informant or being surveilled by law enforcement. Additionally, ... it is common for persons who traffic[] in narcotics to utilize bars/taverns as places to sell controlled substances." In the affiant's expert opinion, "a quantity of methamphetamine is maintained at the business ... and the residence .... Additionally ... from this quantity, portions are sold on a regular basis.... [W]hen this search warrant is served, quantities of methamphetamine for sale will be seized and records of these transactions will be recovered."

The search warrant was issued on January 31, 2002.

---

[1] The facts are taken from the affidavit submitted in support of the search warrant.

## DISCUSSION

The search warrant was executed on the bar on February 7, 2002. Defendant was working as a bartender. The police officers found methamphetamine and a glass pipe in defendant's possession. Defendant's motion to suppress was a facial challenge to the validity of the search warrant for the bar. The hearing on the suppression motion consisted of a review of the affidavit and argument by the attorneys. There was no evidentiary hearing. Thus, the record does not reflect the basis for the search of defendant's person.

On appeal, defendant contends the affidavit submitted in support of the search warrant failed to establish probable cause to search the bar. We agree, but conclude the police acted in good faith in relying on the search warrant.[2]

*Probable Cause*

When an appellate court reviews the validity of a search warrant, "the magistrate's determination will not be overturned unless the supporting affidavit fails as a matter of law to support the finding of probable cause. [Citations.] Doubtful or marginal cases are resolved in favor of upholding the warrant. [Citations.] The burden is on [the defendant] to establish invalidity of [a] search warrant[]." (*Fenwick & West v. Superior Court* (1996) 43 Cal.App.4th 1272, 1278 [51 Cal.Rptr.2d 294].) "The magistrate's determination of probable cause is entitled to deferential review." (*People v. Kraft* (2000) 23 Cal.4th 978, 1041 [99 Cal.Rptr.2d 1, 5 P.3d 68].)

"In determining whether an affidavit is supported by probable cause, the magistrate must make a 'practical, common-sense decision whether, given all the circumstances set forth in the affidavit … there is a fair probability that contraband or evidence of a crime will be found in a particular place.' [Citation.] The sufficiency of the affidavit must be evaluated in light of the totality of the circumstances. [Citation.]" (*Fenwick & West v. Superior Court, supra,* 43 Cal.App.4th at p. 1278.)

---

[2] On appeal, defendant also contends the search of her person pursuant to the search warrant exceeded the scope of the warrant and the affidavit failed to establish probable cause to search her person. Because defendant did not challenge the search of her person in the superior court, we do not consider these contentions. The record on appeal does not reflect whether the search of defendant's person was based on (1) the warrant, (2) probable cause to search defendant, (3) a patdown for weapons, (4) exigent circumstances, (5) consent, (6) an administrative search, (7) evidence in plain view from the portion of the bar open to the public, (8) a search incident to a lawful arrest, or (9) some other exception to the warrant requirement. Thus, *Ybarra v. Illinois* (1979) 444 U.S. 85 [62 L.Ed.2d 238, 100 S.Ct. 338] (search of nontarget patron pursuant to search warrant for bar and bartender) is not pertinent. The prosecution does not argue that defendant has no standing to challenge the validity of the search warrant under these circumstances.

"Probable cause exists when the information on which the warrant is based is such that a reasonable person would believe that what is being sought will be found in the location to be searched." (*People v. Stanley* (1999) 72 Cal.App.4th 1547, 1554 [86 Cal.Rptr.2d 89].) "Probable cause must attach to each place to be searched. [Citations.] Thus, an affidavit for a search warrant must contain facts demonstrating a substantial probability that [contraband or] evidence of a crime will be located in a particular place. [Citations.] A statement that the affiant ' "has cause to suspect and does believe" ' that the evidence is located at the targeted premises is insufficient." (*Fenwick & West v. Superior Court, supra,* 43 Cal.App.4th at pp. 1278–1279.)

■ The affidavit must establish a nexus between the criminal activities and the place to be searched. (*People v. Hernandez* (1994) 30 Cal.App.4th 919, 924 [35 Cal.Rptr.2d 916].) "The opinions of an experienced officer may legitimately be considered by the magistrate in making the probable cause determination." (*People v. Deutsch* (1996) 44 Cal.App.4th 1224, 1232 [52 Cal.Rptr.2d 366].) However, an affidavit based on mere suspicion or belief, or stating a conclusion with no supporting facts, is wholly insufficient. (*Illinois v. Gates* (1983) 462 U.S. 213, 239 [76 L.Ed.2d 527, 103 S.Ct. 2317].)

■ A sufficient nexus is established for the search of a residence when a target sells controlled substances from the residence. (*People v. Gonzalez* (1990) 51 Cal.3d 1179, 1206 [275 Cal.Rptr. 729, 800 P.2d 1159].) This is so whether or not the target is the owner or occupier of the residence. (*People v. Fernandez* (1989) 212 Cal.App.3d 984, 989 [261 Cal.Rptr. 29]; *People v. Hernandez* (1974) 43 Cal.App.3d 581, 585 [118 Cal.Rptr. 53]; cf. *People v. Tuadles* (1992) 7 Cal.App.4th 1777, 1785 [9 Cal.Rptr.2d 780].) The right of access to the residence leads to a reasonable inference that the seller of controlled substances will store the controlled substances at the residence. The same rule applies to a business if the target is an owner or employee of the business. (*Ybarra v. Illinois, supra,* 444 U.S. 85, 91 [62 L.Ed.2d 238, 100 S.Ct. 338].) The right of access to the business leads to a reasonable inference that the seller of controlled substances will store the controlled substances at the business. A nexus is also established between a business open to the public and a nonemployee or nonowner target if there is reason to believe the target is storing controlled substances on the premises. (*Chavez-Quintanilla v. United States* (D.C. 2002) 788 A.2d 564, 568 [street dealer of cocaine, who was not an owner or employee of a convenience store, went inside a convenience store in order to obtain the cocaine sold to informant].)

The question presented in this case concerns the sale of controlled substances from a business establishment open to the public by a target with no apparent connection, other than as a patron, to the business establishment. The target was not an owner or employee of the business establishment,

appeared to have had no other connection to the business establishment, and may have been only a regular patron. There are no facts suggesting that the target stored controlled substances at the business establishment. The parties have presented no authority on this precise issue and it appears to be one of first impression in California. Indeed, we have been unable to discover any state or federal decision in which this issue has been squarely reached.

The affidavit in this case provided the following factual information from the informant: Conner was a drug dealer; she routinely and frequently sold methamphetamine from a residence and a bar; and the statements of the informant were corroborated by a recent controlled buy of methamphetamine from Conner at the residence, the recent observation of Conner in the bar talking to patrons, and Conner's criminal record for drug dealing.[3] In addition, the affiant, a controlled substance expert, had the following opinions: Conner had "access" to the bar and was using the bar as an "instrument" to assist her in the distribution of methamphetamine to prospective customers; it is common for drug traffickers to use multiple locations for sales in order to avoid detection by law enforcement officers; it is common for drug traffickers to utilize bars to sell controlled substances; and a quantity of methamphetamine was maintained at the bar, from which quantity portions were sold to customers on a regular basis.

From this information it is reasonable to suspect that Conner was currently selling methamphetamine from the bar to her customers. What is missing, however, is a logical connection between the sale of methamphetamine by Conner and the presence of methamphetamine in the bar (other than on Conner's person or in her immediate possession). Conner was not an owner or employee of the bar. There was no information that Conner stored methamphetamine at the bar, such as a statement that during a sale she retrieved methamphetamine from behind the bar counter, an office, or a storage area. There was no information that Conner was an associate of any owner or employee of the bar and thus would have been likely to have had permission to store methamphetamine at the bar. There was no information that Conner had any access to the bar greater than that of a regular patron. It is unreasonable to infer that a patron of a bar would store controlled substances in the part of the bar to which the public had access. The affiant opined that methamphetamine would be found at the bar, but this expert opinion was not based on any facts and was not supported by any permissible inferences. It is a mere conclusion without any supporting facts. ■ An affidavit that supports a conclusion only that a nonemployee and nonowner target was selling controlled substances from a business establishment open to the public, such as a bar or restaurant, does not establish a logical nexus

[3] To the extent defendant argues on appeal that the information in the affidavit was too stale, we disagree. (*People v. Mikesell* (1996) 46 Cal.App.4th 1711, 1718 [54 Cal.Rptr.2d 708].)

between the sale of controlled substances and the business establishment. There is no reason to suspect the controlled substances will remain in the business establishment after the target leaves. We conclude the search warrant for the bar was not supported by probable cause.[4]

### Good Faith Reliance on Validity of Search Warrant

We have concluded that the search warrant for the bar was invalid as unsupported by probable cause. The question remains whether denial of the motion to suppress should be affirmed under the good faith exception to the exclusionary rule. Defendant contends the good faith exception to the exclusionary rule is inapplicable because the affidavit in support of the search warrant for the bar was so lacking in indicia of probable cause that the affiant could not have reasonably believed it was sufficient. This contention is unpersuasive.

■ Evidence obtained by police officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate is ordinarily not excluded under the Fourth Amendment, even if a reviewing court ultimately determines the warrant is not supported by probable cause. (*United States v. Leon* (1984) 468 U.S. 897, 900 [82 L.Ed.2d 677, 104 S.Ct. 3405].) This is commonly referred to as the good faith exception to the exclusionary rule. However, the good faith exception to the exclusionary rule is inapplicable if "the affidavit was ' "so lacking in indicia of probable cause" ' that it would be ' "entirely unreasonable" ' for an officer to believe such cause existed." (*People v. Camarella* (1991) 54 Cal.3d 592, 596 [286 Cal.Rptr. 780, 818 P.2d 63], italics omitted.) "The question is whether 'a well-trained officer should reasonably have *known* that the affidavit failed to establish probable cause (and hence that the officer should not have sought a warrant).' [Citation.] ■ An officer applying for a warrant must exercise reasonable professional judgment and have a reasonable knowledge of what the law prohibits. [Citations.] If the officer 'reasonably could have believed that the affidavit presented a close or debatable question on the issue of probable cause,' the seized evidence need not be suppressed." (*People v. Pressey* (2002) 102 Cal.App.4th 1178, 1190–1191 [126 Cal.Rptr.2d 162].) The absence of any legal authority directly on point and the existence of arguably supportive legal authority renders the issue of probable cause debatable. (*Id.* at p. 1191.)

In this case, as we have noted, the issue of the nexus between criminal activity of a patron of a business establishment and the presence of contraband in the business establishment is apparently one of first impression in this

---

[4] We note that the search warrant in this case also authorized the search of Conner's person. We note further that the bar was open to the public. A search warrant for the bar was not necessary to permit law enforcement officers to enter the bar during its business hours at a time when Conner was present and conduct a search of Conner's person.

state. That is why we have decided to publish this case. No California court has previously concluded it is not permissible to infer the presence of controlled substances in a business establishment open to the public from the mere sale of a controlled substance in the business establishment by a patron. Thus, at the time this warrant was issued, there was an absence of any legal authority directly on point.

In addition, arguably supportive legal authority on the issue of probable cause existed. For example, in a case in which the affidavit for the warrant was very similar to the affidavit in this case, the appellate court reversed an order of the trial court granting a suppression motion. (*People v. McDaniels* (1994) 21 Cal.App.4th 1560, 1563–1566 [27 Cal.Rptr.2d 245].) In *McDaniels,* the affidavit related to a search warrant for a Subway Sandwich Shop and recited that individuals were selling rock cocaine from the shop. An undercover officer purchased rock cocaine at the shop from an individual with no stated connection to the shop. The trial court found the warrant to be invalid on the ground of staleness, and the appellate court reversed on the same ground. The issue of nexus was never raised. Thus, the case does not stand for the proposition that sales of controlled substances by patrons of a sandwich shop are sufficient to support a search warrant for the shop. Nevertheless, it is an indication that the absence of probable cause in such situations was certainly not obvious.

Another arguably supportive case is *Chavez-Quintanilla v. United States, supra,* 788 A.2d at page 568. In this case, the District of Columbia Court of Appeal upheld a search warrant for a convenience store based on the fact a street dealer of cocaine, apparently unrelated to the store, retrieved the cocaine from the store at the time of a controlled buy. Since these facts gave reason to suspect that the street dealer stored the cocaine in the store, the case is not dispositive of the issue in this case. Nevertheless, it adds to the arguably supportive legal authority on the probable cause issue.

■ In addition, the affiant made substantial efforts to corroborate the information of the confidential reliable informant. The affiant "conducted more than a mere 'bare bones' investigation." (*People v. Mikesell, supra,* 46 Cal.App.4th 1711, 1719 [54 Cal.Rptr.2d 708].) The affiant supervised a controlled buy of methamphetamine from the target at the residence, thereby confirming the current sale of methamphetamine by the target. The affiant also surveilled the bar and observed the target at the bar talking to patrons, thus confirming the target's association with the bar. Finally, the affiant obtained the criminal records of the target and determined she was a convicted drug dealer, who had been released from prison only two years earlier.

Therefore, we conclude that the affiant reasonably submitted the affidavit to the magistrate and reasonably relied on the search warrant for the bar. A reasonably well-trained officer in the affiant's position should not have known that (1) his affidavit failed to establish probable cause and (2) he should not have applied for the warrant.

## DISPOSITION

The judgment is affirmed.

Turner, P. J., and Armstrong, J., concurred.

A petition for a rehearing was denied September 16, 2003, and appellant's petition for review by the Supreme Court was denied November 25, 2003. Brown, J., did not participate therein.