Filed 2/25/14  P. v. Lundy CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SCOTT DAVID LUNDY,<br><br>Defendant and Appellant. | F065027<br><br>(Super. Ct. No. BF138323A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  John S. Somers and David R. Lampe, Judges.[*]

John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Ivan P. Marrs, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Judge Lampe ruled on the motion to suppress evidence and quash the search warrant.  Judge Somers presided over the trial.

A jury convicted appellant Scott David Lundy of lewd or lascivious acts with a child less than 14 years of age (Pen. Code, § 288, subd. (a)) (all further unspecified statutory references are to the Penal Code), possession of child pornography (§ 311.11, subd. (b)), and developing or printing child pornography (§ 311.3). He claims the trial court erred in denying his motion to suppress evidence and quash the search warrant. Lundy also contends the trial court erred in imposing concurrent sentences on the two section 311.3 counts because section 654 requires any punishment be stayed as to these counts. We reject Lundy's contentions and affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

On April 29, 2010, around 6:30 a.m., Kern County Sheriff's Deputy John Nobles was on patrol and came upon a pickup truck with a camper shell stopped in the middle of the roadway, creating a hazard by blocking traffic from both directions. Nobles stopped and approached Lundy, who was seated inside the truck, and asked him why he was parked in the middle of the roadway.

Lundy told Nobles that people were chasing him and someone inside his truck had a pistol and was trying to kill him. Lundy also stated he had video evidence in his truck of child molestation and that he had tried to report the crime to the Bakersfield Police Department. Nobles checked the truck and found no one inside.

After checking the truck, Nobles placed Lundy under arrest for being under the influence of a controlled substance. Regarding the truck, Nobles filled out a storage form, checked the truck for personal property, and had the truck towed and impounded. In checking the truck for impound purposes, Nobles spotted a cell phone, camera, iPod, and some type of storage device for a computer. He turned off the cell phone and while doing so saw what he believed was a "suspicious photograph." He sealed all the items and booked them as property.

2.

When Lundy tried to retrieve his truck from impound the next day, a deputy told him the truck had been seized as evidence. Lundy then asked if he could retrieve his possessions from the truck and the deputy told him no.

Based upon Lundy's statements that he had video evidence of child molestation in his truck, Nobles sought and on May 6, 2010, obtained a search warrant for the vehicle and contents. The search warrant was to authorize the technical division to search the electronic devices and download any photographs, pictures, or other information that may have been on the devices.

Nobles did not alter any of the devices or their content prior to sealing them, and he delivered the devices, still sealed, to the technical division after obtaining the search warrant. The technical division provided Nobles with a CD that contained the information that had been downloaded from the devices.

When the devices were examined by a technician, homemade videos were found, including one that depicted Lundy in a garage with his 13-year-old niece. His niece was wearing a bathing suit and was unaware Lundy was filming her. At one point in the video, Lundy pulled down the bottom piece of her bathing suit.

Also depicted on video was a separate incident where the niece put money into her bra; Lundy reached into her bra to get the money and touched the girl's breast. Additionally, the technician found still photos of child pornography on Lundy's hard drive.

On November 23, 2011, Lundy was charged with one count of lewd or lascivious acts on a child under 14 years of age (count 1), one count of possession of child pornography (count 2), and two counts of developing, duplicating, printing, or exchanging child pornography (counts 3 and 4).

***Suppression Hearing***

Lundy moved to suppress the evidence taken from his truck and to quash the warrant.

In the affidavit Nobles submitted to obtain the search warrant, he stated Lundy told him he had tried to report to the Bakersfield police that his niece had been molested. Lundy indicated he recorded the molestation and the recording was in his truck. Nobles's affidavit further stated that Lundy had a criminal record with two prior convictions for the sexual exploitation of children, a violation of section 311.3, subdivision (a). Nobles opined that in his experience "pedophiles and child molesters like to take pictures[] and videos of their victims." Finally, Nobles stated that the Bakersfield Police Department had told him that Lundy's sister and niece denied that the niece had been molested but confirmed that Lundy was secretly recording the niece.

At the hearing on the suppression motion, Nobles testified he arrested Lundy for being under the influence of a controlled substance. Consequently, Nobles impounded the truck and collected the personal property from the truck. The personal property was collected in order to inventory the items and then sealed and secured to protect the items from loss. Nobles also acknowledged collecting and securing the devices in order to search the items for evidence of a child molestation that Lundy stated he had evidence of, which would be done after obtaining a search warrant.

The trial court denied the suppression motion, finding that the initial search of the contents of the truck was a valid search incident to Lundy's arrest and the impoundment of the truck. The trial court further found that the affidavit in support of the warrant set forth facts establishing a "fair probability" that the items subject to seizure contained evidence of child molestation based upon Lundy's criminal record and his statements to Nobles.

### Trial

Trial commenced on April 12, 2012. The jury found Lundy guilty as charged on all counts. On May 23, 2012, the trial court sentenced Lundy to eight years on count 1, a consecutive 16 months on count 2, a concurrent 16 months on count 3, and a concurrent 16 months on count 4.

## DISCUSSION

Lundy claims the trial court erred in denying his motion to suppress evidence and quash the search warrant. He also contends the trial court erred in imposing concurrent sentences on the two section 311.3 counts because section 654 requires any punishment be stayed as to these counts.

## I. Motion to Suppress

On review of a trial court's denial of a suppression motion, we defer to the trial court's factual findings if supported by substantial evidence, but exercise our independent judgment to determine whether, on the facts found, the search or seizure was reasonable under the Fourth Amendment. (*People v. Camacho* (2000) 23 Cal.4th 824, 830; *People v. Glaser* (1995) 11 Cal.4th 354, 362; *People v. Russell* (2000) 81 Cal.App.4th 96, 102.)

### Inventory Search

Lundy asserts there was no valid basis upon which to conduct a search of his truck without a warrant. We disagree. Once Lundy was placed under arrest, he was subject to a search of his person and the area immediately within his control, which included the cab of the truck, as part of a search incident to arrest. (*New York v. Belton* (1981) 453 U.S. 454, 460; *People v. Stoffle* (1991) 1 Cal.App.4th 1671, 1682-1683; *In re Humberto O.* (2000) 80 Cal.App.4th 237, 241.)

Once a vehicle is impounded when the driver is arrested, an inventory search is an incidental administrative step following impound. (*Illinois v. LaFayette* (1983) 462 U.S. 640, 643-644.) An inventory search of an impounded vehicle is reasonable under the Fourth Amendment provided law enforcement has a standardized policy regarding the impound decision and search. (*Colorado v. Bertine* (1987) 479 U.S. 367, 374 (*Bertine*).)

When an inventory search is conducted based on a decision to impound a vehicle, appellate courts focus on the purpose of the impound, since an inventory search conducted pursuant to an unreasonable impound is itself unreasonable. (*People v.*

*Aguilar* (1991) 228 Cal.App.3d 1049, 1053.)  If an officer is justified in impounding a vehicle, a warrantless inventory search of the vehicle pursuant to a standardized procedure is constitutionally reasonable.  (*South Dakota v. Opperman* (1976) 428 U.S. 364, 372 (*Opperman*); *People v. Williams* (2006) 145 Cal.App.4th 756, 761.)

Lundy's vehicle was impounded at the time of his arrest; the vehicle was in the middle of the road blocking traffic in both directions.  The impoundment of the vehicle was constitutionally reasonable under the community caretaking doctrine and a police officer's duty to prevent Lundy's vehicle from further creating a hazard to other drivers or being a target of vandalism.  (*Miranda v. City of Cornelius* (9th Cir. 2005) 429 F.3d 858, 864 (*Miranda*).)

Vehicle Code section 22651 also provides standardized criteria governing vehicular impoundment.  (*People v. Green* (1996) 46 Cal.App.4th 367, 375; *People v. Benites* (1992) 9 Cal.App.4th 309, 327; *People v. Salcero* (1992) 6 Cal.App.4th 720, 723.)  In relevant part, Vehicle Code section 22651, subdivision (h)(1) provides that a peace officer may impound a vehicle when the driver is arrested and taken into custody, as Lundy was in this case.

Under either established legal doctrine or Vehicle Code section 22651, the impoundment of Lundy's car was constitutionally reasonable.  (*Miranda, supra,* 429 F.3d at p. 864.)

Since the impoundment was constitutionally reasonable, it follows that the inventory search of the vehicle was reasonable if conducted pursuant to standardized procedures.  (*Opperman, supra,* 428 U.S. at p. 372.)  Nobles testified that the Kern County Sheriff's Department has a written policy governing inventory of impounded vehicles.  The purpose of the policy is to document any loose or valuable items in a vehicle to prevent loss.  Nobles inventoried the contents of Lundy's truck in accordance with the policy.

6.

The police have a legitimate interest in taking an inventory of the contents, including closed containers, in vehicles they legally tow and impound. (*People v. Williams* (1999) 20 Cal.4th 119, 126.) Inventory searches are thus an exception to the warrant requirement. (*Florida v. Wells* (1990) 495 U.S. 1, 4; *Bertine, supra,* 479 U.S. at p. 371.) Inventory searches serve to (1) protect an owner's property while it is in the custody of the police, (2) insure against claims of lost, stolen, or vandalized property, and (3) guard the police from danger. (*Bertine,* at p. 372.)

We conclude the policy of the Kern County Sheriff's Department was sufficiently standardized to satisfy the Fourth Amendment and that in conducting an inventory of Lundy's truck—both the contents of the cab and inside the camper shell—Nobles exercised his discretion in accordance with the standard procedure. (*People v. Needham* (2000) 79 Cal.App.4th 260, 267 (*Needham*).)

Lundy was placed under arrest for driving under the influence, his truck was impounded pursuant to Vehicle Code section 22651, subdivision (h)(1), and an inventory search of the truck was conducted in accordance with standardized procedures of the Kern County Sheriff's Department. We conclude the inventory search was reasonable and not in violation of the Fourth Amendment. (*Needham, supra,* 79 Cal.App.4th at pp. 267-268.)

### *Seizure and Search of Video Equipment*

The trial court found that Nobles lawfully seized and held separate the electronic items found in the truck based upon Lundy's statement to Nobles that he had in his vehicle a video recording of a sexual assault of his niece pending a search warrant to search what was recorded in the items. Nobles then obtained a search warrant and the contents of the electronic equipment were searched.

Lundy contends that Nobles could not hold the electronic equipment lawfully pending a search warrant and there was insufficient probable cause to support the search

7.

warrant authorizing a search of the contents of the electronic equipment. We disagree with both of these contentions.

An exception often applied to the collection of evidence is probable cause plus exigent circumstances. An officer may seize a container without a warrant if the officer has probable cause to believe the container holds contraband or evidence of a crime and if there are exigent circumstances that require the immediate seizure without a warrant. (*Texas v. Brown* (1983) 460 U.S. 730, 749-750 (conc. opn. of Stevens, J.); *United States v. Jacobsen* (1984) 466 U.S. 109, 121-122; *People v. Robinson* (1974) 41 Cal.App.3d 658, 669-670.)

Nobles had probable cause to believe the electronic equipment contained evidence of a crime. Lundy told Nobles he had evidence of a crime on a video camera and a SanDisk card, which were in his truck. Probable cause requires only that the facts available to the officer would warrant a person of reasonable caution to believe that the item may contain evidence of a crime; no showing is required that such a belief is correct or more likely true than false. (*People v. Stokes* (1990) 224 Cal.App.3d 715, 719.)

Exigent circumstances also existed. Exigent circumstances are those that would cause a reasonable officer to believe immediate action is necessary to prevent, among other things, the destruction of relevant evidence or some other consequence improperly frustrating legitimate law enforcement efforts. (*United States v. Licata* (9th Cir. 1985) 761 F.2d 537, 543.) Thus, the threat that evidence will be destroyed or lost before the officer can obtain a warrant is a valid exigent circumstance justifying the officer's immediate seizure of the evidence. (See *Segura v. United States* (1984) 468 U.S. 796, 808; *Cupp v. Murphy* (1973) 412 U.S. 291, 296.) Nobles seized the electronic equipment and secured these items at the sheriff's substation as possible evidence of a crime, while the truck and balance of the contents were towed and stored by a local tow company. Securing the electronic equipment separately while a search warrant was obtained

prevented any destruction or tampering of the possible evidence of a crime, which might have occurred if the items had been left in the truck.

We also conclude there was ample probable cause for the issuance of the warrant. Probable cause to issue a search warrant exists when "the information on which the warrant is based is such that a reasonable person would believe that what is being sought will be found in the location to be searched. [Citation.]" (*People v. Stanley* (1999) 72 Cal.App.4th 1547, 1554.) The burden is on the defendant to establish the invalidity of a search warrant. (*People v. Garcia* (2003) 111 Cal.App.4th 715, 720.)

The affidavit in support of the warrant set forth (1) Lundy stated to Nobles that Lundy's niece had been molested; (2) Lundy had video evidence of the molestation; (3) the evidence was in the video equipment to be found in Lundy's truck; and (4) Lundy's criminal record showed he had two prior convictions for the sexual exploitation of children. Nobles also stated in the affidavit that the Bakersfield Police Department had contacted Lundy's sister and niece, who denied that a specific sexual assault had occurred, but did acknowledge that Lundy had secretly recorded the niece. Nobles also opined in the affidavit that based upon his experience "pedophiles and child molesters like to take pictures[] and videos of their victims."

Lundy seems to believe that probable cause to issue the warrant was lacking because the niece denied any specific sexual assault had occurred. Not so. Lundy's statements that (1) he recorded evidence of a molestation and that the recorded evidence was in the video equipment in his truck, (2) the acknowledgement by the niece that Lundy had been secretly recording her, (3) Nobles's experience with child molesters videotaping their crimes, and (4) Lundy's prior sexual misconduct with minors all provided a substantial basis for concluding that there was a fair probability evidence of a crime would be found in the equipment to be searched. (*People v. Deutsch* (1996) 44 Cal.App.4th 1224, 1232.)

9.

The information set forth in Nobles's affidavit in support of the search warrant provided "a substantial basis for concluding a fair probability existed that a search would uncover wrongdoing. [Citations.]" (*People v. Kraft* (2000) 23 Cal.4th 978, 1040.) Therefore, the trial court properly denied the motion to suppress.

## II. Sentence

Lundy contends the trial court erred when it imposed concurrent sentences on the section 311.3 offenses. He maintains the terms imposed for these two counts should have been stayed pursuant to section 654 because count 2 comprised the same conduct and a term was imposed for that count. He is incorrect.

Lundy was convicted of two counts of violating section 311.3, defined as sexual exploitation of a child by developing, duplicating, printing or exchanging information, data, or images of a minor engaged in sexual conduct. The two convictions were based on two of the recordings Lundy made of his niece.

One recording showed Lundy and his niece in a garage. The child had just finished swimming and was wearing a bathing suit. At one point, Lundy pulled down his niece's bathing suit, exposing her buttocks. A second video showed an incident where the niece had been changing in the bathroom and the video showed her genital area. The recordings were made at two different times.

The count 2 offense is possession of child pornography. There were multiple still photos of child pornography recovered from Lundy's hard drive. The information sets forth a date of April 29, 2010, for the count 2 offense; the count 3 and 4 offenses are stated to have occurred between October 1 and 31, 2009.

"Section 654 precludes multiple punishment for a single act or indivisible course of conduct punishable under more than one criminal statute. Whether a course of conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the 'intent and objective' of the actor. [Citation.] If all of the offenses are incident to one objective, the court may punish the defendant for any one of

the offenses, but not more than one. [Citation.] If, however, the defendant had multiple or simultaneous objectives, independent of and not merely incidental to each other, the defendant may be punished for each violation committed in pursuit of each objective even though the violations share common acts or were parts of an otherwise indivisible course of conduct. [Citation.]" (*People v. Cleveland* (2001) 87 Cal.App.4th 263, 267-268.)

Whether the defendant possessed multiple objectives and intents within the meaning of section 654 is a factual question. We will uphold a trial court's explicit or implicit finding if it is supported by substantial evidence. The trial court's determination is viewed in the light most favorable to the People, and we presume the existence of every fact that reasonably could be deduced from the evidence. (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)

Lundy seems to assume that the count 2 offense is based on the video recordings that form the bases of counts 3 and 4—rather than on the still photos of child pornography found on the hard drive. Assuming this is correct, the offense of possession of child pornography set forth in section 311.11 is distinguishable from the offense of sexual exploitation of a child set forth in section 311.3. (See *People v. Hertzig* (2007) 156 Cal.App.4th 398, 403.) Section 311.3 requires the development, duplication, printing, or exchanging of material depicting the sexual exploitation of a child; section 311.11 requires simply a knowing possession of child pornography; one need not have developed, printed, or exchanged the material.

The trial court noted this distinction at sentencing and found that counts 3 and 4 involved the production and development of two separate pieces of material sexually exploiting a minor. These offenses occurred between October 1 and 31, 2009. The count 2 offense, possession of child pornography, occurred on April 29, 2010. The evidence and the language of the respective statutes support a finding that the count 3 and 4 offenses, which occurred on two different occasions, necessitated a separate intent and

11.

objective from that required to satisfy the count 2 offense.  Thus, we uphold the trial court's finding.  (*People v. Nichols* (1994) 29 Cal.App.4th 1651, 1657.)

## DISPOSITION

The judgment is affirmed.

_____
CORNELL, J.

WE CONCUR:


_____
HILL, P.J.


_____
LEVY, J.