Filed 7/25/16  P. v. Odom CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHN ERIK ODOM,<br><br>    Defendant and Appellant. | F070859<br><br>(Super. Ct. No. MF010813A)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Kane, J. and Smith, J.

# INTRODUCTION

Appellant John Erik Odom, pursuant to a negotiated plea, pled no contest to one count of unlawful possession of a firearm by a felon, a violation of Penal Code[1] section 29800, subdivision (a)(1) and admitted suffering three prior felony convictions. Odom pled to a stipulated six-year prison term. Odom was sentenced in accordance with the plea agreement. Odom appealed and appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We affirm.

# FACTUAL AND PROCEDURAL SUMMARY

The evening of September 27, 2013, Lakeysha Jones was at her home in Rosamond when she saw Odom approach the front door of her home. By the time Jones got to the front door, Odom was "wiggling" the door and Jones opened it slightly; Odom pushed his way inside. Odom put a shotgun to her head and said, "Bitch, where's the money at?" Jones ran out of the house and down the street to a gas station, where she called police.

Jones had met Odom about three weeks prior and recognized him. Police obtained a warrant to search Odom's residence. A shotgun was found in a shed in the backyard of Odom's house. A shotgun shell was in a drawer inside the house in Odom's bedroom.

On October 1, 2013, a complaint was filed charging Odom with one count of first degree burglary, a violation of section 460, subdivision (a); one count of assault with a firearm, a violation of section 245, subdivision (a)(2); and one count of unlawful possession of a firearm by a felon, a violation of section 29800, subdivision (a)(1). It also was alleged that Odom had suffered three prior serious or violent felonies within the meaning of sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through (d). The three prior felony convictions alleged in the complaint were a burglary

---

[1] References to code sections are to the Penal Code unless otherwise specified.

conviction in Los Angeles County and two convictions from Maricopa County, Arizona. The two Arizona convictions were for aggravated assault and armed robbery.

On October 9, 2013, Odom filed a petition to proceed in propria persona. At the felony arraignment, Odom denied all charges and allegations and his petition to represent himself was granted.

Odom represented himself at the preliminary hearing and cross-examined the witnesses. He also argued the evidence and asked for the charges to be dismissed. The court held Odom to answer.

The information was filed October 28, 2013. The information set forth the same charges and prior serious felony allegations as the complaint.

On December 6, 2013, the trial court appointed the public defender's office to represent Odom. On April 16, 2014, the public defender filed a motion to dismiss the information and a motion for pretrial discovery. On May 1, 2014, the trial court heard and considered the motions. The motion for pretrial discovery was granted. The motion to dismiss the information was granted as to count 2, the assault with a firearm charge.

On May 13, 2014, Odom again requested to represent himself. The trial court granted the request. On July 3, 2014, Odom filed a motion to dismiss count 1, the first degree burglary charge. On that same day, he also filed a motion to dismiss the prior conviction allegations. On July 7, 2014, Odom filed a motion to quash the search warrant and to suppress all evidence obtained as a result of that search. The People filed opposition to Odom's motion to dismiss the information; the motion to dismiss the out-of-state priors; and the motion to quash. The trial court denied all three of Odom's motions.

On August 4, 2014, Odom again requested a lawyer be appointed to represent him. The trial court again appointed the public defender and notified Odom that any further requests to proceed in propria persona would be denied.

3.

On October 29, 2014, Odom signed a felony advisement of rights and waiver form. As part of a plea agreement, Odom agreed to plead no contest to count 3, unlawful possession of a firearm by a felon, and admit the prior strike convictions, while reserving the right to challenge the strike allegations at sentencing.

At the change of plea hearing on October 29, 2014, the trial court noted that the agreement called for a six-year term in state prison. The trial court indicated that it would "put sentencing out" in order to allow time for the defense to investigate whether the "strikes are valid." The trial court further stated "If at the time of sentencing they're not valid, they're going to be stricken and that's going to adjust the penalty. [¶] Is that what you understood and agreed to?" Odom responded, "Yes, your Honor."

The trial court verified that Odom had initialed and signed the waiver of rights form; discussed his rights with his attorney; understood his rights; was waiving his rights; and stipulated to a factual basis for the plea. The trial court found there was a knowing, intelligent, and voluntary waiver of rights.

When asked if he had questions, Odom asked about the prior strikes; the trial court responded that if the "strikes aren't valid, I'll strike them myself." The trial court told Odom that if he disagreed with the trial court's decision on the validity of the prior strikes, he could appeal.

The trial court then proceeded to accept Odom's plea of no contest to count 3, possession of a firearm by a felon. Odom also admitted three prior strikes, reserving the right to contest them. Odom waived speedy sentencing and the trial court set a date for sentencing that allowed the defense time to investigate the validity of the prior strikes. The trial court also directed the People to provide whatever information and documentation they had on the prior strikes to the defense.

At sentencing on December 11, 2014, Odom was sentenced to a term of six years in prison pursuant to the plea agreement. Various statutory fines and fees were imposed. The trial court awarded 440 days of actual credit and 440 days of conduct credit, for a

total of 880 days. The abstract of judgment reflects that Odom was sentenced to the upper term for the offense and in accordance with having a strike prior.

On January 14, 2015, Odom filed a notice of appeal and requested a certificate of probable cause, which was granted. Appellate counsel was appointed February 24, 2015. Thereafter, Odom filed a petition for writ of habeas corpus in propria persona on March 3, 2015, which was assigned case No. F071071. On April 30, 2015, this court deferred ruling on the writ petition pending receipt of briefing in the appeal. On March 30, 2016, this court issued an order in case No. F071071 denying the writ petition.

## DISCUSSION

On September 2, 2015, appellate counsel filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436. On September 4, 2015, this court issued its letter inviting Odom to submit supplemental briefing. No supplemental brief was submitted.

Odom's request for a certificate of probable cause asserts that the People acknowledged they could not prove the out-of-state convictions constituted strikes, but that he was still entitled to a "formal strike hearing." Odom also alleged the trial court erred in denying his motion to suppress evidence.

As for the motion to suppress, the evidence established that Jones recognized Odom from having met him a few weeks prior. Jones's identification of Odom as the one who placed a shotgun to her head provided the basis for a warrant to search Odom's residence. Officers obtained a search warrant prior to searching Odom's residence. In the search pursuant to a warrant, officers found the shotgun. A determination that probable cause existed for the issuance of a search warrant is entitled to great deference. (*People v. McDaniels* (1994) 21 Cal.App.4th 1560, 1564.) The trial court properly denied the motion to suppress. (*People v. Balint* (2006) 138 Cal.App.4th 200, 205; *People v. Garcia* (2003) 111 Cal.App.4th 715, 720.)

Regarding the prior convictions, Odom acknowledges that his two Arizona convictions were not proven by the People to be strikes, but contends he was entitled to a

5.

hearing.  His remaining strike allegation was for a burglary committed in Los Angeles County.  A motion to dismiss the priors was filed and heard by the trial court.  The trial court denied Odom's motion to dismiss the priors.  There is no evidence that a second hearing on striking prior convictions would have resulted in a different outcome and the trial court did not abuse its discretion in denying the motion.  (*People v. Carmony* (2004) 33 Cal.4th 367, 376-378.)

Odom was sentenced in accordance with his plea agreement to a term of six years in prison.  After an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.