Filed 5/20/14  P. v. Trujillo CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>EDDIE GARCIA TRUJILLO,<br><br>    Defendant and Appellant. | F066245<br><br>(Super. Ct. No. BF143485A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, J. Eric Bradshaw and Michael G. Bush, Judges.[‡]

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P.J., Peña, J. and Sarkisian, J.[†]

[†]    Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[‡]    Judge Humphrey ruled on defendant's motion to suppress; Judge Bradshaw accepted defendant's plea; and Judge Bush imposed sentence.

After the trial court denied his motion to suppress evidence, defendant Eddie Garcia Trujillo pled no contest to transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a); count 1). He was granted three years' probation. On appeal, he contends his car was improperly impounded and therefore the subsequent inventory search of the car was illegal. Thus, he argues, the trial court erred in denying his motion to suppress. We disagree and will affirm.

## FACTS

Bakersfield Police Officer Dinsmore testified that on August 10, 2012, at about 3:20 p.m., he observed a car on the roadway in front of him with registration tags that were expired. He ran the tags and learned the registration had expired on October 24, 2011. He pulled the car over and contacted both defendant, who was driving, and his front-seat passenger. Dinsmore asked them for identification and asked them whether they were on probation or parole with search terms. The passenger said he was. Defendant stated the car was his. Dinsmore requested backup for officer safety, and he impounded the car pursuant to Vehicle Code section 22651, which provides for impoundment of a vehicle on a public roadway whose registration had been expired for six months.[1] Based on Dinsmore's experience in the gang unit, he knew the neighborhood was a high crime area.

Dinsmore conducted an inventory search of the car. He found in plain view $1,780 in various denominations in the rear storage compartment of the front passenger seat. This large amount of currency raised his suspicion. Dinsmore also found inside the

---

[1] Vehicle Code section 22651 provides: "A peace officer … may remove a vehicle located within the territorial limits in which the officer or employee may act, under the following circumstances: [¶] … [¶] (*o*)(1) When a vehicle is found or operated upon a highway, public land, or an offstreet parking facility under the following circumstances: [¶] (A) With a registration expiration date in excess of six months before the date it is found or operated on the highway, public lands, or the offstreet parking facility."

center console a "sunglasses sock" containing a small digital scale bearing white crystalline residue, which he believed to be methamphetamine. Next, Dinsmore found a dirty white sock in plain view near the center of the driver's floorboard. Inside the sock was a clear baggie containing 2.7 grams of methamphetamine.

Dinsmore took defendant into custody. Defendant admitted the money, scale, and methamphetamine were his, and he stated that his passenger did not know about and was not involved with the items.

On cross-examination, Dinsmore explained that he searched the car as both an inventory search and a probation search. Dinsmore did not contact anyone to pick up the car.

After hearing this testimony, the trial court ruled as follows:

"With regard to the probation search, I believe when the discussion concerns whether the probationer has joint control over the area, a lot of times you see a situation where the officers go to someone's house and the probationer is living in one of the bedrooms and the officer might search the entire house, which might exceed [the] scope of the probation search. But I think when a probationer is in a vehicle, he pretty much has access to the entire view of the vehicle, so I think it would be a valid probation search.

"With regard to the impound, I think it's within the discretion of the officer. Robinson Street is a high crime area and it was well within the officer's discretion to impound the vehicle and inventory it. So for those reasons, I'm going to deny the motion."

## **DISCUSSION**

Defendant contends that the prosecution failed to prove that Officer Dinsmore conducted a proper inventory search. Defendant also argues that the search of the car was not a proper probation search because Officer Dinsmore could not have believed that the passenger had complete or joint control over defendant's car. We need not reach the probation search issue because we conclude the search was justified as an inventory search.

3.

## I.    Law

When we review a trial court's ruling on a suppression motion, we defer to the trial court's factual findings that are supported by substantial evidence. (*People v. Hughes* (2002) 27 Cal.4th 287, 327.) Whether a search is constitutionally reasonable, however, is a legal question upon which we exercise our independent judgment. (*Ibid.*)

The Fourth Amendment guarantees the right to be free of unreasonable searches and seizures by law enforcement personnel. A warrantless search or seizure is presumed to be unlawful. (U.S. Const., 4th Amend.; *Mincey v. Arizona* (1978) 437 U.S. 385, 390.) "The prosecution always has the burden of justifying the search [or seizure] by proving [it] fell within a recognized exception to the warrant requirement." (*People v. Williams* (2006) 145 Cal.App.4th 756, 761 (*Williams*).)

Inventory searches of police-impounded cars are a well-recognized exception to the warrant requirement because they serve "to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger." (*Colorado v. Bertine* (1987) 479 U.S. 367, 372 (*Bertine*).) Nonetheless, it is well established that inventory searches must not be a "ruse for a general rummaging in order to discover incriminating evidence." (*Florida v. Wells* (1990) 495 U.S. 1, 4; *People v. Williams* (1999) 20 Cal.4th 119, 126.) "'[A]n inventory search conducted pursuant to an unreasonable impound is itself unreasonable.' [Citation.]" (*People v. Torres* (2010) 188 Cal.App.4th 775, 786.) "The purpose behind the decision to impound is crucial because of the reason for condoning inventory searches of impounded cars," which was to secure or protect the car and its contents. (*Id.* at pp. 786-787.)

"The decision to impound the vehicle must be justified by a community caretaking function 'other than suspicion of evidence of criminal activity' [citation] because inventory searches are 'conducted in the absence of probable cause' [citation]." (*People v. Torres*, *supra*, 188 Cal.App.4th. at p. 787.) "Just as inventory searches are exceptions

4.

to the probable cause requirement, they are also exceptions to the usual rule that the police officers' '[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis.' [Citation.]" (*Ibid.*) "[C]ourts will explore police officers' subjective motivations for impounding vehicles in inventory search cases, even when some objectively reasonable basis exists for the impounding." (*Id.* at pp. 787-788.)

"As part of their '"community caretaking functions,"' police officers may constitutionally impound vehicles that 'jeopardize … public safety and the efficient movement of vehicular traffic.' [Citation.] Whether 'impoundment is warranted under this community caretaking doctrine depends on the location of the vehicle and the police officers' duty to prevent it from creating a hazard to other drivers or being a target for vandalism or theft.' [Citation.]" (*Williams*, *supra*, 145 Cal.App.4th at p. 761.) "Nothing … prohibits the exercise of police discretion [in deciding to impound a vehicle] so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity." (*Bertine*, *supra*, 479 U.S. at p. 375; see also *South Dakota v. Opperman* (1976) 428 U.S. 364, 375-376.) It is established that Vehicle Code section 22651 provides the required standardized criteria governing vehicular impoundment (*People v. Green* (1996) 46 Cal.App.4th 367, 375; *People v. Benites* (1992) 9 Cal.App.4th 309, 327; *People v. Salcero* (1992) 6 Cal.App.4th 720, 723), although "statutory authorization does not, in and of itself, determine the constitutional reasonableness of the [impoundment]" (*Williams*, *supra*, at p. 762).

## II. Analysis

In this case, the reason behind Officer Dinsmore's decision to impound defendant's car was the expired status of the car's registration. The car was on a public roadway and the registration tags had been expired for almost 10 months. Under Vehicle Code section 22651, Dinsmore had statutory authority to impound the car:

> "A peace officer … may remove a vehicle located within the territorial limits in which the officer … may act, under the following

circumstances: [¶] … [¶] (*o*)(1) When a vehicle is found or operated upon a highway, public land, or an offstreet parking facility under the following circumstances: [¶] (A) With a registration expiration date in excess of six months before the date it is found or operated on the highway, public lands, or the offstreet parking facility." (Veh. Code, § 22651.)

Dinsmore also testified to a community caretaking function in removing the car when he stated that the neighborhood was a high crime area. There was no evidence that the impoundment was merely a ruse for conducting an improper investigatory search or that Dinsmore otherwise abused his discretion in deciding to impound the car. Under the circumstances, the impoundment was reasonable and thus the inventory search was proper. Accordingly, the trial court did not err in denying the motion to suppress.

## **DISPOSITION**

The judgment is affirmed.