Filed 9/19/16  P. v. Wilson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C079874 |
| Plaintiff and Respondent, | (Super. Ct. No. MF038015A) |
| v. | |
| MICHAEL SHANNON WILSON, | |
| Defendant and Appellant. | |

After the trial court denied defendant Michael Shannon Wilson's motion to suppress evidence (Pen. Code, § 1538.5), defendant pleaded no contest to possession of methamphetamine for sale (Health & Saf. Code, § 11378) and transportation or sales of methamphetamine (Health & Saf. Code, § 11379), and admitted the truth of numerous

1

enhancement allegations.  Placed on formal probation for five years, with a suspended prison sentence, defendant appeals his conviction.

On appeal, defendant contends the trial court erred in denying his motion to suppress because the People failed to present evidence sufficient to prove the impounding and subsequent inventory search of his vehicle was warranted by the community caretaking exception to the Fourth Amendment.   Defendant's claim is forfeited.  We affirm the judgment.

BACKGROUND

On May 20, 2014, around 10:30 p.m., defendant was stopped at a driving under the influence (DUI) checkpoint and directed into the "investigation area," where he spoke with police officer Daniel Peters.  Officer Peters "was told" defendant was driving without a license.  Defendant admitted his license was suspended.  Officer Peters confirmed the suspension, arrested defendant, and impounded his car.  Officer Peters conducted an inventory search of the car.

During the inventory search, Officer Peters found several bags of methamphetamine (totaling 37.8 grams) and other indicia of drug use and sales.  Officer Peters then searched defendant's person and found hypodermic needles and $573 in cash.

The People subsequently charged defendant with possession of methamphetamine for sale (Health & Saf. Code, § 11378) and transportation or sales of methamphetamine (Health & Saf. Code, § 11379).  The People further alleged defendant was previously convicted of drug possession (Health & Saf. Code, § 11370.2, subd. (c)), served three prior prison terms (Pen. Code, § 667.5, subd. (b)), and was previously convicted of a strike offense (Pen. Code, §§ 667, subd. (d), 1170.12, subd. (b)).

Defendant later moved to suppress unlawfully obtained evidence pursuant to Penal Code section 1538.5.  In support of his motion, defendant argued the People could not

2

justify the warrantless search of defendant or his car. Officer Peters, he argued, violated Vehicle Code section 2814.2 when he impounded defendant's car. The resulting inventory search was, therefore, unlawful. The trial court denied his motion, finding Vehicle Code section 14602.6[1] permitted Officer Peters to impound defendant's car because defendant was driving with a suspended license.

Defendant then pleaded no contest to both charges and admitted the truth of the enhancement allegations, including the prior strike conviction. The trial court struck the prior strike conviction under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, sentenced defendant to an aggregate term of six years in state prison, stayed that sentence, and placed defendant on formal probation for five years. The court also ordered defendant to pay various fines and fees and gave him credit "for time served."

Defendant appeals; he did not request a certificate of probable cause.

## DISCUSSION

Defendant contends the trial court erred in denying his motion to suppress evidence. In support of his contention, defendant argues that the inventory search of his car was unlawful because the People failed to prove the impounding of his car was warranted by the community caretaking exception to the Fourth Amendment. This claim

---

[1] "Whenever a peace officer determines that a person was driving a vehicle while his or her driving privilege was suspended or revoked, driving a vehicle while his or her driving privilege is restricted pursuant to Section 13352 or 23575 and the vehicle is not equipped with a functioning, certified interlock device, or driving a vehicle without ever having been issued a driver's license, the peace officer may either immediately arrest that person and cause the removal and seizure of that vehicle or, if the vehicle is involved in a traffic collision, cause the removal and seizure of the vehicle without the necessity of arresting the person in accordance with Chapter 10 (commencing with Section 22650) of Division 11. A vehicle so impounded shall be impounded for 30 days." (Veh. Code, § 14602.6, subd. (a)(1).)

is forfeited due to defendant's failure to challenge the search on this basis in the trial court. (*People v. Williams* (1999) 20 Cal.4th 119, 129-131.)

"[A] section 1538.5 motion 'must specify the precise grounds for suppression of the evidence in question . . . .' " (*People v. Oldham* (2000) 81 Cal.App.4th 1, 12, quoting *People v. Williams, supra*, 20 Cal.4th at p. 130.) " 'Defendants who do not give the prosecution sufficient notice of these inadequacies cannot raise the issue on appeal.' " (*People v. Oldham,* at p. 11, quoting *People v. Williams,* at p. 136.)

In his motion to suppress, defendant argued only that the inventory search of his car was unlawful because the officer violated Vehicle Code section 2814.2 by impounding his car. At no point did he claim the inventory search of his car was unlawful because the evidence was insufficient to justify impounding his car based on the community caretaking exception to the Fourth Amendment. The community caretaking exception is a separate legal issue, one that requires the court to consider additional evidence. (See, e.g., *People v. Williams* (2006) 145 Cal.App.4th 756, 761.) Specifically, "[whether] 'impoundment is warranted under this community caretaking doctrine depends on the location of the vehicle and the police officers' duty to prevent it from creating a hazard to other drivers or being a target for vandalism and theft.' [Citation.]" (*Ibid.*) The burden to raise the issue was defendant's. (*People v. Williams, supra*, 20 Cal.4th at pp. 128-129.) He failed to meet his burden. Accordingly, the prosecution had no opportunity to rebut the claim, and it cannot be raised for the first time on appeal. (*People v. Oldham, supra*, 81 Cal.App.4th at pp. 11-12.)

DISPOSITION

The judgment is affirmed.

        /s/                     

Blease, Acting P. J.

We concur:

    /s/                  

Hull, J.

    /s/                  

Hoch, J.