Filed 11/17/23  P. v. Holt CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ERIC GORDON HOLT,<br><br>        Defendant and Appellant. | A166868<br><br>(Lake County<br>Super. Ct. No.<br>CR961838-B) |

Appellant Eric Gordon Holt appeals from a judgment following his no contest plea to being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)).[1]  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  Appellate counsel advised appellant of his right to file a supplementary brief to bring to this court's attention any issue he believes deserves review.  (*People v. Kelly* (2006) 40 Cal.4th 106.)  Appellant has not filed such a brief.  We have reviewed the record, find no arguable issues, and affirm.

---

[1] All undesignated statutory references are to the Penal Code.

1

BACKGROUND

*Information*

In May 2022, appellant was charged by information with possession of methamphetamine while armed with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a)); two counts of carrying a concealed weapon in a vehicle (§ 25400, subd. (a)(1)); being a felon in possession of a firearm and ammunition (§§ 29800, subd. (a)(1), 30305, subd. (a)(1)); and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364).  A codefendant was also charged.  Appellant pled not guilty to all counts.

*Motion to Suppress*

In July 2022, appellant and his codefendant filed a motion to suppress (§ 1538.5).  Deputy Michael Nakahara was the sole witness at the suppression hearing.  About 10:00 p.m. on September 6, 2021, Nakahara pulled over a car on Highway 20 because it had illegally tinted windows and appeared to have an expired registration.  Appellant's codefendant was the driver and appellant was the sole passenger.  Nakahara confirmed the registration had expired and could not determine who the owner was.  The driver claimed the car was hers but could not provide proof of ownership. The driver's license was not valid and she appeared to be under the influence of a controlled substance.  Appellant told Nakahara he had outstanding arrest warrants.

Nakahara impounded the vehicle because the registration was expired and the car was parked on the shoulder of Highway 20 in front of a business, impeding pedestrian access.  The People submitted a photograph showing the location of the parked car.  Before the vehicle was impounded, Nakahara conducted an inventory search pursuant to department policy that, prior to impound, officers document valuables and other notable items in a vehicle on

2

a California Highway Patrol form.  During the inventory search, Nakahara found drugs and a gun.

In an oral ruling followed by a written order, the trial court denied the motion to suppress, finding appellant lacked standing to challenge the search as a passenger; the traffic stop and detention were valid; and the vehicle impound and inventory search were reasonable.

*No Contest Plea and Sentencing*

In August 2022, appellant pled no contest to being a felon in possession of a firearm, and the remaining charges were dismissed.  The plea agreement stipulated appellant would be sentenced to probation for two years with a maximum of 364 days in county jail.

In December 2022, the court suspended imposition of sentence and placed appellant on probation for two years.  The court ordered appellant serve 364 days in custody, and allowed day-for-day credit for participation and successful completion of a residential substance abuse treatment program.  The court found appellant did not have the ability to pay fines or fees.

## DISCUSSION

Appellant was adequately represented by legal counsel throughout the proceedings.  The motion to suppress was properly denied.  (*People v. Williams* (2006) 145 Cal.App.4th 756, 761 ["As part of their ' "community caretaking functions," ' police officers may constitutionally impound vehicles that 'jeopardize . . . public safety' "]; *Halajian v. D & B Towing* (2012) 209 Cal.App.4th 1, 16 [impound of unregistered truck "promoted public safety by preventing the truck from being operated on public highways and streets while it remained unregistered"]; *People v. Quick* (2016) 5 Cal.App.5th 1006, 1011 ["When a vehicle is lawfully impounded, an inventory search pursuant

3

to an established, standardized procedure does not violate the Fourth Amendment."].)

Appellant completed a plea form that described the constitutional rights he was waiving by entering a no contest plea, the trial court confirmed appellant understood he was giving up those rights, and the court found appellant freely and intelligently waived those rights. Defense counsel stipulated to a factual basis for the plea. Appellant was advised of the consequences of his plea. The sentence was consistent with the plea agreement.

At the sentencing hearing, the trial court ordered custody credit "for two days previously served, two behavioral, total four." However, the sentencing minutes reflect only two days credit, with no behavior credits. We will direct the sentencing minutes amended to reflect four days of custody credit.

## DISPOSITION

The judgment is affirmed. The trial court is directed to amend the sentencing minutes to reflect the judgment of four days of custody credits.

SIMONS, J.


We concur.


JACKSON, P. J.
CHOU, J.


(A166868)

4