Filed 2/1/24  P. v. Hoyt CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C098737 |
| Plaintiff and Respondent, | (Super. Ct. No. CR2021-1131) |
| v. | |
| CAMERON HOYT, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Cameron Hoyt asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2021, two police officers responded to a report of trespassing, with people sleeping in two cars parked in an empty parking lot.  By the time the officers arrived, there was only one car on the property.  Defendant was asleep on the driver's side.  One of the officers identified himself to defendant, and defendant gave his name and explained he had been sleeping there overnight.  The officer ran a check through dispatch

1

and learned defendant did not have a valid driver's license. The check also revealed defendant was a convicted felon, and the car was not registered to defendant. When the officer asked, defendant confirmed he did not have a driver's license or insurance. The second officer noticed the car's rear license plate had a false registration tag. Because the registration had been expired for more than six months, the first officer decided to have the vehicle towed pursuant to Vehicle Code section 22651, subdivision (o)(1)(A).

The officer asked defendant to step out of the vehicle. Defendant was reluctant but eventually complied. Before getting out of the car, defendant appeared nervous and told the officer he "had something on him." When he eventually got out, a loaded semiautomatic handgun fell from his waistband to the ground. The officers secured the gun, placed defendant in handcuffs, arrested him, and placed him in the back of the patrol car. One of the officers searched defendant and found a plastic baggie containing what appeared to be methamphetamine. The officer later performed an initial test, and the substance tested presumptive positive for methamphetamine. The officer searched defendant's car and did not find anything. Defendant was transported to the police station.

Before the vehicle was towed, defendant's wife arrived and retrieved some items from the car. The police officer did not offer the wife the option of receiving a ticket and driving the car away, rather than having the vehicle towed.

Defendant was charged with felony possession of a controlled substance while armed with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a); count 1), unlawful possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1); count 2), and unlawful possession of ammunition (Pen. Code, § 30305, subd. (a); count 3).

During the October 2021 motion to suppress and preliminary hearing, one of the responding officers testified that he did not know who owned the parking lot, nor did he know who had called 911 to report trespassing. He also did not know whether the people in the parked cars (including defendant) had permission to be on the lot. Still, there was a

2

clear entrance and exit to the lot. The officer acknowledged that he had the discretionary authority to tow the vehicle, and it was not blocking any traffic or pedestrian access.

During the hearing, defendant argued the search and subsequent seizure of evidence violated the Fourth Amendment. Pointing to *People v. Williams* (2006) 145 Cal.App.4th 756, defendant argued impounding defendant's car served no community caretaking purpose because the prosecution had failed to show who owned the lot, whether defendant had permission to be there, or why the officers could not have just ticketed the car and left it in the lot or released it to defendant's wife. The prosecution responded that the officers had discretion to tow the vehicle due to the expired tags. In addition, defendant did not have a valid driver's license or insurance, and he had a prior felony conviction. They reasonably asked him to exit the vehicle so it could be towed, and that was when the loaded gun fell out of his waistband.

The trial court agreed with the prosecution and denied defendant's motion to suppress, noting there was evidence that defendant had parked in the lot despite a sign indicating it was private property. Defendant did not have a driver's license, and the car was not lawfully registered. The arrival of defendant's wife did not make the tow unlawful, especially since the car had illegal registration tags.

In April 2023, while the parties were in the process of selecting a jury, the trial court made an indicated court offer to defendant wherein defendant would plea no contest to all charges and be placed on two years of probation with no more than 180 days of jail time. Defendant's probation terms would include the "standard drug and weapons terms," with a stay away order from the parking lot where the incident occurred. Defendant accepted the offer and pleaded no contest to the charges.

In May 2023, the trial court suspended imposition of sentence and ordered two years of probation for defendant. The court also imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)), a corresponding $300 probation revocation fine (suspended unless probation is revoked) (Pen. Code, § 1202.44), a $40 court operations fee (Pen.

3

Code, § 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment fee (Gov. Code, § 70373).

Defendant appealed based on the denial of his motion to suppress evidence.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                            /s/
                                      EARL, P. J.

We concur:

    /s/
RENNER, J.

    /s/
ASHWORTH, J.*

---

\*     Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.